# Exhibit 10-

LAW OFFICE OF
# BRIAN L. JACKSON

1302 Waugh Drive #582
Houston, TX 77019
T 713.522.5766 (713.JACKSON)
F 713.583.5785
brian@brianjacksonlaw.com

March 4, 2010


VIA FEDERAL EXPRESS (Tracking No. 798444467731)

Jerry L. Mahurin, Patent Counsel
Tomkins plc
Mail Code: 10-A3
1551 Wewatta Street
Denver, CO 80202

Re: Sentech Tire Pressure Monitoring System Patent Portfolio

Dear Mr. Mahurin:

Thank you for you letter of February 23. We have considered the arguments you raised, and for the reasons set forth below, we believe that the Sentech patents are still valid and infringed by the tire pressure monitoring systems sold by Schrader Electronics.

First, as you requested, enclosed is a copy of a CD containing the information that we originally provided with our March 16, 2009 letter to Stephen McClelland at Schrader Electronics.

You correctly pointed out that three of Sentech's four patents expired in late 2009, and on that basis you questioned what value a license would hold for Schrader. As you know, one of Sentech's patents does not expire until January 2013, and Schrader will undoubtedly make substantial sales of its TPM systems between now and then. Further, if this matter were litigated, Schrader could be liable for up to six years of past damages on the three expired patents, and any license that Sentech provides would of course include a release for Schrader's past activities. We understand that Schrader's sales over the past six years have been substantial. For these reasons, the Sentech patents remain relevant to both past and future sales of Schrader, and we therefore believe that a license from Sentech would be of great value to Schrader.

Next, you argue that Sentech's patent claims are limited to an implementation of a TPM system employing infrared technology. This is quite obviously incorrect; none of the patent claims identified in the provided claim charts contains a limitation relating to infrared. Although the patent specification does describe an embodiment that uses infrared technology, one of the most basic tenets of patent law is that patent claims are not limited to any particular embodiment described in the patent specification; the claims stand on their own language, and there is no language in the identified claims that could

Mr. Jerry L. Mahurin
Tomkins plc
March 4, 2010
Page 2

even arguably be construed to incorporate an infrared limitation. You also maintain that the Sentech patents teach away from the use of radio frequency technology, and yet the oldest of the four patents contains claims that expressly recite RF signaling technology as a limitation (see U.S. Patent No. 5,483,826, claims 18 and 20). Thus, in issuing these claims, the Patent Office already considered whether the patent specification would support a claim to RF signals and determined that it would. Your arguments to the contrary therefore lack merit.

You identified two prior art references, but you provided no analysis of their applicability to the Sentech patents. We have studied these references and do not believe that they raise any issues with respect to the validity of the Sentech patent claims. If you disagree, may we suggest that Schrader provide detailed claim charts analyzing those references so that we may better understand your position (just as Sentech has provided detailed claim charts analyzing infringing by Schrader's products).

Likewise, your laches argument appears to be meritless. Sentech's late CEO, Jerry Van Hoof, was apparently in contact with Schrader-Bridgeport, not Schrader Electronics. We understand that the two are separate companies with separate product lines, and thus any prior dealings with the former would have no effect on the latter. Further, even if the two were considered one and the same, Schrader cannot be heard to complain of delay when it was Schrader's own unwillingness to respond to communications from Sentech that resulted in that delay. Further, any prior knowledge of Sentech's patents by Schrader only serves to increase Schrader's potential infringement liability.

Finally, your letter raises issues regarding Sentech's infringement analysis. First, you argue that Schrader does not sell display units or TPM system receivers in the U.S., but many of the patent claims do not contain display units and TPM system receivers as limitations. For example, claims 20-22 of U.S. Patent No. 6,672,151, claim 23 of U.S. Patent No. 5,728,933, and claims 5-6 of U.S. Patent No. 5,483,826 are directed solely to a sensor. You also claim that the RF communications in the Schrader sensor is simplex, in that there is no communication from the receiver to the sensor. While we respect that you are in the best position to know how the Schrader products work, we must disagree with your analysis; our analysis of the product indicates that, at least in connection with setup and diagnostics, the Schrader sensor is capable of being polled by a command signal and providing a response on demand. Even if that were not the case, however, claims 20-22 of U.S. Patent No. 6,672,151 do not contain a command signal limitation, and thus the alleged lack of communication from receiver to sensor is irrelevant. Finally, you argue that the Schrader sensors do not employ a pressure transducer, and instead use a MEMS device. A pressure transducer can be implemented with a MEMS device, but in any event, many of the Sentech patent claims do not even include a pressure transducer limitation, and thus your argument, even if correct, would not avoid infringement.

Mr. Jerry L. Mahurin
Tomkins plc
March 4, 2010
Page 3

For all these reasons, we do not believe that you have successfully raised any basis for concluding that Schrader does not need a license under the Sentech patents. Sentech is willing to provide a paid-up license to Schrader Electronics on very reasonable terms. We hope Schrader will take advantage of this opportunity.

Please feel free to call me directly if you have any questions or concerns. I look forward to hearing from you.

Very truly yours,

Brian L. Jackson

cc: Tina M. Lessani, Esq.
Jim Schmitz (Sentech CEO)

Enclosure