# Exhibit 11-

# Tomkins

**Jerry L. Mahurin**
**Patent Counsel**
**Phone: (303) 744-5796**
**Fax: (303) 744-4653**
**Email: jmahurin@gates.com**

**Tomkins IP Law Department**
**Mail Code: 10-A3**
**1551 Wewatta Street**
**Denver, CO 80202**

Via Federal Express                                                             March 26, 2010

Brian L. Jackson
1302 Waugh Drive, #582
Houston, TX 77019

RE:   Sentech Tire Pressure Monitoring System Patent Portfolio

Dear Mr. Jackson,

This letter is presented in response to your most recent letter, dated March 4, 2010.

First, thank you for forwarding the CD with the patent copies and file wrapper histories.

My client and I have reviewed the arguments presented in your most recent letter, but we do not feel that a license to the one unexpired Sentech patent or release with respect to the three cited expired Sentech patents is necessary or attractive to Schrader Electronics.

As you correctly point out, none of the patent claims identified in your claim charts contain a limitation relating to infrared, and as you note a claim need not be limited to a preferred embodiment. However, it is well-established that "claims may be no broader than the supporting disclosure." (See, *Gentry Gallery v. Berkline Corp.*, 45 U.S.P.Q.2d 1498, 1503 (Fed. Cir.1998).) As you confirmed, the specification of the asserted patents only describes an embodiment that only transmits infrared signals, disparaging the use of RF signals. Thus, the common disclosure of the Sentech patents is not broad enough to encompass an RF-based TPM sensor and/or system.

Additionally, it is also well-established that "an Applicant cannot recapture claim scope that was surrendered or disclaimed" in a parent application. (See, *Hakim v. Cannon Avent Group*, 81 U.S.P.Q.2d 1900, 1904 (Fed. Cir. 2007).) Here, the original parent application 07/453,785 (which eventually matured into US5083457) broadly claimed an embodiment that did not explicitly limit any of the claims to infrared signals. However, in the course of prosecution, all claims of application 07/453,785 were amended to narrow their scope to include only infrared signals. The same amendment goes on to argue how none of the cited references "contain any suggestion whatsoever of the use of an infrared signal for transmitting the pressure information." Having thus clearly and unmistakably surrendered and disclaimed in the parent application claim scope which you argue would encompass RF, that claim scope cannot be recaptured by merely filing a continuation application.

It is therefore doubtful that a court will allow your client's patents to be stretched to cover RF-based TPM systems. Thus, a license to the Sentech patents would, as noted above, be of little value to Schrader Electronics.

With respect to laches, it would appear that at the time Jerry Van Hoof was in contact with Schrader-Bridgeport, Schrader-Bridgeport owned Schrader Electronics. Regardless, upon evaluation of Sentech's patents it was determined that they only covered infrared technology, which Schrader did not use, and thus were irrelevant to Schrader's endeavors.

I do not need to provide a claim chart to point out, simply, how at least Greganti, IT1219753, anticipates, for example, claim 20 of US6672151. Greganti teaches a TPMS sensor unit 10 that has a transducer P that senses a parameter of the tire (under/over pressure). Battery 13 provides power to sensor 10, when switch I closes due to the external event of high or low pressure. Transmitter 13 is coupled through circuit 100 to P and battery 13 to transmit a signal indicative of the low or high tire pressure parameter to receiver 20.

Finally, I stand by my analysis of your claim charts. For example, with respect to US6672151, only clearly invalid claim 20 does not include a display. Please read claims 21 and 22, each include "a display" in the preamble and as the last element.

So, as noted above, any licensing opportunities with respect to your client's patent remain unattractive. Given the existence of your client's license with Michelin North America, I assume your client would not like to put their relatively fragile patents at risk, or have their licensee learn of the rather limited scope of protection provided by your client's infrared technology-based patents.

Since based on the evidence and arguments you have presented, your client lacks a sufficient basis for relief, any case bought by your client against SEL will be purely frivolous and meant solely for purposes of harassment. Please be advised that SEL will vigorously defend any such an action and will seek recovery of attorney fees as well.

Sincerely,

Jerry L. Mahurin

JLM:slf

Cc: Carl Wacker, Vice President, Schrader Electronics Limited