# Exhibit 12-

# LAW OFFICE OF BRIAN L. JACKSON

1302 Waugh Drive, #582
Houston, TX 77019-3908
Tel: 713.522.5766 (713.JACKSON)
Fax: 713.583.5785

## Fax Transmittal Form

Date:          July 23, 2010

To:

    Name:             Jerry L. Mahurin
    Company:          Tomkins plc
    Fax Number:       (303) 744-4653
    Phone Number:     (303) 744-5796

Number of Pages (including cover):   4

## Message:

This transmission contains information from the Law Office of Brian L. Jackson that may be confidential and/or privileged. It is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by telephone or electronic mail to arrange retrieval of the original document at no cost to you. Thank you.

# LAW OFFICE OF
# BRIAN L. JACKSON

1302 Waugh Drive #582
Houston, TX 77019
T 713.522.5766 (713.JACKSON)
F 713.583.5785
brian@brianjacksonlaw.com

July 23, 2010

VIA FACSIMILE: (303) 744-4653
CONFIRMATION BY FIRST CLASS MAIL

Jerry L. Mahurin, Patent Counsel
Tomkins plc
Mail Code: 10-A3
1551 Wewatta Street
Denver, CO  80202

Re:   Sentech Tire Pressure Monitoring System Patent Portfolio

Dear Mr. Mahurin:

I write in response to your letter of March 26, 2010. We have carefully considered the arguments you raised, but do not agree that they raise legitimate issues regarding the validity of the Sentech patent claims, or the infringement of those claims by Schrader Electronics.

First, you contend that the disclosure of the Sentech patents is not broad enough to encompass an RF-based TPM sensor and/or system. In support of your position, you rely on the Federal Circuit's 12 year old decision in *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473 (Fed. Cir. 1998). As an initial matter, the entire premise of your argument is flawed. As you are aware, the claims originally filed with a patent application are themselves part of the patent specification, and may therefore contribute to the patent's compliance with 35 U.S.C. § 112. *See, e.g., Union Oil Co. v. Atlantic Richfield Co.*, 208 F.3d 989, 994 (Fed. Cir. 2000); *Hyatt v. Boone*, 146 F.3d 1348, 1352 (Fed. Cir. 1998). The claims originally filed with the first Sentech patent application are not specific to any particular transmission technology, and make no mention of LEDs. Thus, on its face, the Sentech patent specification is not limited to LED technology as you contend.

Further, your reliance on *Gentry* is misplaced. Not only is that case not applicable to the Sentech patents on its facts, but in the intervening years since that case was decided, subsequent Federal Circuit decisions have made it clear that *Gentry*'s holding is not nearly as broad as you contend. The patent in *Gentry* involved a sofa with controls placed on a central console. According to the Federal Circuit, the patent specification identified "the console as the only possible location for the controls," and moving the controls to any other location was "outside the stated purpose of the invention." *Gentry*,

Mr. Jerry L. Mahurin
Tomkins plc
July 23, 2010
Page 2

134 F.3d at 1479. Further, the original claims filed with the patent application included this limitation regarding the location on the controls on the console. *Id.* It was based on these facts that the Federal Circuit found that the specification could not support claims that lacked the console location requirement. However, in the absence of these facts, the Federal Circuit has declined to apply *Gentry* to hold a patent claim invalid. *See, e.g., Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1333-34 (Fed. Cir. 2003). In the case of the Sentech patents, the patent specification does not state that LED technology is the only means for transmitting information from a tire pressure sensor. Further, as already mentioned above, the original claims are not limited to LED technology. For these reasons, the Sentech patents are quite different from the patent in *Gentry*, and therefore just as in *Amgen*, the *Gentry* rule has no applicability.

Next, you contend that Sentech surrendered claim coverage for anything other than LEDs when it amended its claims in the original application to add an LED requirement, and then distinguished cited prior art on the basis of those LED limitations. In support of this position, you rely on *Hakim v. Cannon Avent Group*, 479 F.3d 1313 (Fed. Cir. 2007). But the *Hakim* case in no way supports your argument; you have again ignored the facts of the case to reach an overbroad conclusion. In *Hakim*, the patent applicant did not merely distinguish cited prior art over a particular claim limitation (as Sentech did). In *Hakim*, in responding to an Office Action, the patent applicant also characterized the invention itself as including that limitation. *Id.* at 1315. In invalidating the claim, the district court based its decision on this characterization of the invention. *Id.* at 1316 ("the district court held Hakim to his arguments in the parent application that the invention includes the presence of a slit in the flexible material."). The Federal Circuit simply agreed with the district court's reasoning. In contrast, Sentech never characterized its invention as requiring LED technology, and thus the *Hakim* case is not relevant.

Finally, you have not addressed the fact that claims 18 and 20 of Sentech's U.S. Patent No. 5,483,826 expressly recite RF signaling technology as a limitation. The issue of whether the patent specification can support claims to RF technology is therefore something that the Patent Office has already decided in Sentech's favor.

Your arguments with respect to infringement are equally unhelpful to your position. You previously contended that Schrader Electronics only sells sensors, and that many of Sentech's patent claims are therefore not applicable to its activities. As we previously pointed out, many of Sentech's patent claims are directed only to a sensor, and Schrader Electronics would directly infringe those claims. As to the other claims, even if what you say is true, Schrader Electronics would still be liable for indirect infringement. Further, Schrader Electronics' customers would be liable for direct infringement of those claims. Thus, your argument provides no basis for avoiding liability to Sentech.

Mr. Jerry L. Mahurin
Tomkins plc
July 23, 2010
Page 3

In my last letter, we invited Schrader Electronics to provide a claim chart to support its invalidity positions, because Sentech did not understand how the prior art you identified would apply to its patent claims. In response, you addressed a single patent claim out of the four patents. Addressing a single claim does nothing to advance your position, and Sentech therefore maintains its position that your prior art references do not pose a problem for its patent claims.

As demonstrated above, the defenses you have advanced to date are lacking in merit. It is still Sentech's position that Schrader Electronics has infringed the Sentech patents, and should Schrader Electronics choose not to take a license, Sentech will explore all options at its disposal to enforce its intellectual property rights.

We remain ready and willing to discuss providing a license to Schrader Electronics under very reasonable terms. We hope Schrader Electronics will take advantage of this opportunity.

Very truly yours,

Brian L. Jackson

cc:   Tina M. Lessani, Esq.