# Exhibit 19-

# PATENT LICENSE AND LIABILITY RELEASE AGREEMENT

THIS PATENT LICENSE AND LIABILITY RELEASE AGREEMENT ("Agreement") is entered into this _____ day of June 2010 (the "Effective Date") by and between Sentech, Inc., a Wisconsin corporation with its offices located at 2525 North Casaloma, Appleton, WI, 54913 ("Licensor"), and General Motors Corp., a _____ corporation with its offices located at 300 Renaissance Center, Detroit, MI 48265 ("Licensee").

## RECITALS

WHEREAS, Licensor has one pending patent related to tire pressure monitoring systems, and three patents related to tire pressure monitoring systems that expired in December 2009/January 2010.

WHEREAS, Licensee desires to license from Licensor the pending patent and to obtain a release from liability for past infringement for the pending and expired patents;

NOW, THEREFORE, in consideration of the foregoing premises and of the terms and conditions of this Agreement, the parties agree as follows:

## DEFINITIONS

Affiliate means any wholly-owned subsidiary of Licensee.

Licensed Patent means U.S. Patent No. 5,483,826.

Sentech Patents means U.S. Patent Nos. 5,483,826; 5,728,933; 6,357,292; and 6,672,151.

Licensed Product shall mean a motor vehicle that includes a tire pressure monitoring system, or component thereof, that infringes the Licensed Patent.

Released Product shall mean a motor vehicle that (i) was manufactured by or on behalf of Licensee and (2) includes a tire pressure monitoring system, or component thereof, that infringes one or more of the Sentech Patents.

### 1.  GRANT OF PATENT LICENSE

1.1   Grant.  Subject to the terms and conditions of this Agreement, Licensor hereby grants to Licensee and its Affiliates a non-exclusive, non-transferable, non-sublicensable license under the Licensed Patent to import, make, have made, sell, offer for sale, distribute, and lease Licensed Products in the United States, its territories, and possessions.

1.2   No Other License.  Except as expressly set forth in Section 1.1, no other license or other right is granted herein by Licensor to Licensee, directly or by implication, estoppel, or otherwise.  For avoidance of doubt, the license in Section 1.1 does not include a license to

manufacture or have manufactured tire pressure monitoring systems or tire pressure sensors on a stand-alone basis.

## 2. RELEASE FOR PAST INFRINGEMENT

Subject to the terms and conditions of this Agreement, Licensor hereby releases Licensee, their customers, distributors, and resellers ("Licensee Parties") from all claims, demands, and rights of action which Licensor may have against Licensee Parties on account of any direct or indirect infringement of the Sentech Patents by reason of the manufacture, use, sale, offer for sale, distribution, license, lease, and import of Released Products prior to the Effective Date.

## 3. TERM

The term of this Agreement shall commence on the Effective Date and shall extend until the expiration of the License Patent.

## 4. FEES

In consideration of the license rights granted in Section 1.1 and the releases granted in Section 2, Licensee agrees to pay Licensor a one-time, up-front, fully paid-up, non-refundable payment of Six Hundred Thousand U.S. Dollars (US$600,000). Such fee is due upon execution of this Agreement.

## 5. DISCLAIMER OF WARRANTIES & LIMITATION OF LIABILITY

5.1 Representations and Warranties. Licensor represents and warrants that it (and only it) owns the Sentech patents, that it has the right to enter into this Agreement, that it has not granted any conflicting rights to the Sentech Patents, and that it has the right to grant the licenses and releases granted herein.

5.2 NO OTHER WARRANTIES. EXCEPT AS PROVIDED ABOVE, THE SENTECH PATENTS ARE NOT WARRANTED BY LICENSOR AND ARE PROVIDED ONLY ON AN "AS IS" BASIS BY LICENSOR. LICENSOR DISCLAIMS ALL WARRANTIES, EXPRESS, IMPLIED, OR OTHERWISE, INCLUDING BUT NOT LIMITED TO THE WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, NON-INFRINGEMENT, AND ANY WARRANTIES ARISING FROM A COURSE OF DEALING, USAGE OR TRADE PRACTICE.

5.3 LIMITATION OF LIABILITY. IN NO EVENT SHALL EITHER PARTY OR ANY OF ITS AFFILIATED COMPANIES BE LIABLE FOR ANY LOST REVENUES OR PROFITS, OR OTHER INDIRECT, SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES, EVEN IF SUCH PARTY OR AFFILIATED COMPANY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. THIS LIMITATION SHALL APPLY NOTWITHSTANDING ANY FAILURE OF ESSENTIAL PURPOSE OF ANY LIMITED REMEDY.

## 6. OWNERSHIP OF PROPRIETARY RIGHTS

6.1     Ownership.   Subject to the licenses and releases expressly granted hereunder, Licensor retains exclusive right, title and ownership in the Sentech Patents.

6.2     Confidential Information.   Each party agrees not to disclose the terms and conditions of the present Agreement to any third party (other than its Affiliated Companies, provided that each party ensures that the Affiliated Companies to which it discloses the terms and conditions of this Agreement are bound by this confidentiality obligation) without the prior written consent of the other party, provided that this obligation is subject to the following exceptions: (a) disclosure is permissible if required by government or court order, provided the party required to disclose first gives the other prior written notice to enable it to seek a protective order; (b) disclosure is permissible if otherwise required by law; (c) disclosure is permissible if required to enforce rights under this Agreement; (d) each party may disclose this Agreement or its contents to the extent reasonably necessary, on a confidential basis, to its accountants, attorneys, and financial advisors of such party; (e) Licensee may advise their Affiliates and their actual or potential customers, distributors, and suppliers that they are licensed under the Licensed Patent and the extent to which they are so licensed; (f) Licensor may disclose to third parties that Licensee has entered into a license and release agreement for the Sentech Patents.

## 7.     PATENT MARKING

Licensee agrees to mark, and to obligate its Affiliates to mark, all Licensed Products with the number of the Licensed Patent.  Licensee and its Affiliates will comply with the laws and regulations of the United States Patent Office as to proper marking.

## 8.     ADDITIONAL TERMS OF THE AGREEMENT

8.1     Survival.   The provisions of Sections 1.2, 2, 5, 6, and 8 shall survive the termination or expiration of this Agreement.

8.2     Taxes.   Any federal, local or other governmental taxes (except for taxes based on Licensor's income), duties, licenses, fees, interest, penalties, excises or tariffs ("Charges") imposed on the licenses granted pursuant to this Agreement shall be paid by Licensee, and the fee paid to Licensor in accordance with Section 4 (Fees) shall not be reduced by such Charges.

8.3     Notice.   All notices required or permitted under this Agreement will be in writing in the English language, will reference this Agreement, and will be deemed given: (i) when sent by facsimile with acknowledgment of receipt of electronic transmission; (ii) five (5) business days after having been sent by registered or certified mail, return receipt requested, postage prepaid; or (iii) one (1) business day after deposit with an overnight carrier, with written verification of receipt.

(a)     Notices to Licensor shall be addressed as follows:

Sentech, Inc.
2525 North Casaloma
Appleton, Wisconsin  54913
Attn:  Jim Schmitz

3

(b)     Notices to Licensee shall be addressed as follows:

A party may from time to time change its address or designee for notification purposes by giving the other party prior written notice in accordance herewith of the new address or the new designee and the date upon which the change will be effective.

8.4     Severability of Provisions.  If for any reason a court of competent jurisdiction finds any provision or portion of this Agreement to be unenforceable, that provision of the Agreement will be enforced to the maximum extent possible so as to effect the intent of the parties, and the remainder of this Agreement will continue in full force and effect.

8.5     Waiver.  Failure by either party to enforce any provision of this Agreement will not be deemed a waiver of future enforcement of that or any other provision.  Any waiver will be effective only if in writing and signed by the parties.

8.6     Governing Law.  This Agreement will be governed and construed in accordance with the laws of the United States and the State of Texas, without regard to or application of provisions related to choice of law.  Any litigation arising under this Agreement will be brought in the federal or state courts in the Eastern District of Texas.

8.7     Assignment.

(a)     No assignment, delegation or transfer of any right or duty under this Agreement may be made by Licensee without the prior written consent of Licensor.  If Licensor sells an Affiliate or product line, the patent license under Section 1.1 will not extend to such Affiliate or product line after such sale.

(b)     Any sale or assignment of any Sentech Patents shall be subject to all the rights granted to Licensee and its customers, distributors, resellers and end users in Sections 1 and 2.

8.8     Headings.  Titles or headings to the sections of this Agreement are not part of the terms of this Agreement and are inserted only for convenience.

8.9     Entire Agreement.  This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof, and supersedes and replaces all prior or contemporaneous understandings or agreements, written or oral, regarding such subject matter.

8.10    No Agency.  The parties hereto are independent contractors, and no agency relationship, partnership, joint venture or other similar relationship is created by the parties in this Agreement.

8.11   <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed by their respective duly authorized representatives.

| LICENSOR | LICENSEE |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |
| Date: _____ | Date: _____ |

5